STATE v. HERMAN BANKS.

(Filed 27 May, 1926.)

**Criminal Law—Jail Breaking—Indictment—Evidence — Intent — Questions for Jury—Instructions.**

Under an indictment containing several counts as to· the defendant breaking into a jail wherein a prisoner was confined with the purpose or intent of killing or injuring the prisoner, with evidence that the defendant was the leader of those who actually broke into the jail and searched for the prisoner, etc.: *Held,* the question of intent was one for the jury, and an instruction to find the defendant guilty if the jury believed the evidence beyond a reasonable doubt, was not reversible upon the defendant's appeal from a general verdict of guilty.

APPEAL by defendant from *Stack, J.,* at September Term, 1925, of BUNCOMBE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. R. Reynolds and W. A. Sullivan for defendant.*

PER CURIAM. The indictment contains six counts. The first charges the defendant and others with unlawfully and feloniously conspiring to break and enter the common jail of Buncombe County, in which a prisoner charged with a capital felony was confined, for the purpose of killing or otherwise injuring the prisoner. The second count charges the defendant and others with the unlawful and felonious breaking and entering of the common jail of Buncombe County in which the prisoner was confined for the purpose of killing or otherwise injuring the prisoner. In the third the charge is the felonious breaking into the jail with intent to injure, maim, assault and kill the prisoner; in the fourth and fifth counts, with ·injury to the jail; and in the sixth, with aiding and abetting in the commission of the crimes charged in the other counts.

The defendant testified in his own behalf, and his Honor instructed the jury as follows: "The State contends that Banks took an active part, at high school and on the street in getting up the mob, using rough language, calling on others to follow and get the negro. That he was on the committee to search the jail for the negro. That he was one of the active leaders of the crowd. That he said we are going to get the negro. That he went to the coal bin of the jail looking for him and saying he may be in there. The defendant admits that he was present at the jail and was a member of the committee appointed by the mob to search the jail, and did actively engage in searching the jail for the prisoner, Alvin Mansel. That he went to the home of Sheriff Mitchell

and encouraged others to look for the sheriff in order to try to force him to reveal the whereabouts of Alvin Mansel. That he admits he acted for the mob in looking for the negro. If you find from the evidence beyond a reasonable doubt the facts to be as testified to by Herman Banks, himself, then you will render a verdict of "Guilty." If not so satisfied, then "Not Guilty." If you find from all the evidence beyond a reasonable doubt, including the evidence of the defendant, Banks, that he did what he says he did, under the law as I have given you, your verdict would be "Guilty." If not satisfied "Not Guilty."

There was a general verdict of guilty, upon which judgment was pronounced. The defendant appealed assigning for error the instructions given the jury.

We are of opinion that the instruction was justified by the defendant's own testimony. Ordinarily intent is a question for the jury; but we think the defendant's purpose in joining the mob and going to the jail is plainly evident from his own admissions; for he was present when the jail was broken and in any event was engaged in aiding and abetting the commission of the felonies charged. We find

No error.